IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN HAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:26-CV-07115 |
| | § | |
| WASHINGTON NATIONALS BASEBALL CLUB, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ANSWER**

Defendant, the Washington Nationals Baseball Club, LLC ("Defendant" or "the Nationals"), respectfully submit this Answer to Plaintiff's Complaint.

In response to allegations contained in the numbered paragraphs of the Complaint, Defendant responds as follows:

1. Paragraph 1 is comprised of Plaintiff's ("Plaintiff" or "Mr. Ham")characterization of his legal claims and action, and therefore no response is required. To the extent a response is required, Defendant denies the allegations.

2. Defendant admits the allegations in the first sentence of Paragraph 2 on information and belief. The allegations in the second sentence of Paragraph 2 characterize the contents of a written document that speaks for itself, and Defendant denies any erroneous, misleading, or out-of-context characterizations thereof.

3. Defendant admits the allegations in the first sentence of Paragraph 3. The remaining allegations in Paragraph 3 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

4. The allegations in Paragraph 4 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

5. The allegations in Paragraph 5 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

6. The allegations in Paragraph 6 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

7. In response to the allegations in Paragraph 7, Defendant admits that Plaintiff worked for Defendant in a position that was referred to both as "Area Supervisor" and "Area Scout," though Plaintiff had no direct reports and did not supervise or manage any subordinate employees. Defendant also admits that Plaintiff's contract expired on October 31, 2024, and was not renewed, ending his engagement with Defendant. The remaining allegations in Paragraph 7 characterize the contents of a written document that speaks for itself, and Defendant denies any erroneous, misleading, or out-of-context characterizations thereof.

8. The allegations in the final sentence of Paragraph 8 characterize the contents of a written document that speaks for itself, and Defendant denies any erroneous, misleading, or out-of-context characterizations thereof; provided that Defendant denies that salary adjustments were always a reflection of strong performance. Defendant lacks knowledge sufficient to admit or deny the remaining allegations in Paragraph 8 and therefore denies the allegations.

9. In response to the allegations in the first sentence of Paragraph 9, Defendant admits that: (i) Dylan Crews was drafted in the first round (2nd overall) of the 2023 MLB Draft by the Washington Nationals and that he played baseball in college at Louisiana State University prior thereto; and (ii) Travis Sykora was drafted in the third round of the 2023 MLB Draft by the Washington Nationals and that he played baseball in Texas prior thereto. Defendant lacks

sufficient knowledge to admit or deny the remaining allegations in Paragraph 9 and therefore denies the allegations.

10. In response to the allegations in Paragraph 10, Defendant admits that Plaintiff's contract was renewed near the end of the 2023 season for the 2024 season. Defendant denies the remaining allegations in Paragraph 10.

11. In response to the allegations in Paragraph 11, Defendant admits the allegations in the first and second sentences; Defendant lacks sufficient knowledge to admit or deny the allegations in the third sentence and therefore denies the allegations; and Defendant denies the allegations in the final sentence.

12. Defendant denies all allegations in Paragraph 12 as stated. The performance management process for baseball scouts historically has differed from that applicable to other Front Office employees, in that the performance management process is informal, less dependent upon formal documentation, and based on results and attitude overall. Defendant admits that Plaintiff was not provided a "formal performance review" or "Performance Improvement Plan" as that phrase is commonly understood as applied to other Front Office employees because such documents have historically not been used in evaluating a scout's performance. Defendant lacks information sufficient to admit or deny whether Plaintiff was aware that his contract renewal was in jeopardy or that any of his co-workers or managers made statements to him that fairly implied such. Defendant denies all other allegations in Paragraph 12.

13. Defendant lacks sufficient information to admit or deny the allegations in the first two (2) sentences of Paragraph 13 and therefore denies the allegations; Defendant denies the allegations in the third sentence.

14. The allegations in Paragraph 14 characterize the contents of a written document that speaks for itself, and Defendant denies any erroneous, misleading, or out-of-context characterizations thereof. At present, Defendant lacks sufficient knowledge to admit or deny whether any employee of Defendant responded to the alleged e-mail, in writing or otherwise, and therefore denies Plaintiff's allegation that no response was made.

15. The allegations in Paragraph 15 characterize the contents of written documents that speak for themselves, and Defendant denies any erroneous, misleading, or out-of-context characterizations thereof. At present, Defendant lacks sufficient knowledge to admit or deny whether any employee of Defendant responded to the alleged e-mails, in writing or otherwise, and therefore denies Plaintiff's allegation that no response was made.

16. In response to the allegations in Paragraph 16, Defendant admits the allegations in the first sentence; Defendant denies the allegations in the second and third sentences; the fourth sentence characterizes the contents of a written document that speaks for itself, and Defendant denies any erroneous, misleading, or out-of-context characterizations thereof; and Defendant denies all other allegation in the paragraph.

17. Paragraph 17 consists entirely of Plaintiff's characterization of his intended discovery efforts, and therefore no response is required. To the extent a response is required, Defendant denies the allegations

18. The first, second, and third sentences of Paragraph 18 characterize the contents of written documents that speak for themselves, and Defendant denies any erroneous, misleading, or out-of-context characterizations thereof. Defendant admits the allegations in the fourth and fifth sentences of Paragraph 18. Defendant lacks information sufficient to admit or deny the allegations in the remaining sentences of Paragraph 18 and therefore denies the allegations.

19. Defendant denies the allegations in the first and third sentences of Paragraph 19. The allegations in the second sentence of Paragraph 19. The allegations in the second sentence of Paragraph 19 appear to characterize the contents of written documents that speak for themselves, and Defendant denies any erroneous, misleading, or out-of-context characterizations thereof.

20. In response to the allegations in Paragraph 20, Defendant admits that it is one of forty-four (44) defendants named in a complaint filed in the United States District Court for the District of Colorado (*Benedict, et al, v. Manfred, et al.*; Case No. 23-cv-01563), the allegations of which speak for itself. Plaintiff's remaining allegations purport to characterize his reasons for referring to this litigation and his alleged "incorporation" of a document filed in connection with it, which allegations do not require a response.

21. Defendant admits the allegations in Paragraph 21.

22. Defendant lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 22 and therefore denies the allegations. The allegations in the second and third sentences of Paragraph 22 characterize the contents of written documents that speak for themselves, and Defendant denies any erroneous, misleading, or out-of-context characterizations thereof. The allegations in the final sentence of Paragraph 22 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

23. Defendant denies the allegations in the first sentence of Paragraph 23. Defendant lacks information sufficient to admit or deny the remaining allegations in Paragraph 23 and therefore denies the allegations.

24. In response to the allegations in Paragraph 24, Defendant admits that following the non-renewal of his contract in 2024, Plaintiff, or a third-party who claimed to represent and or be an agent of Plaintiff, contacted various individuals at the Nationals on various occasions seeking

to challenge Defendant's non-renewal decision. Plaintiff's allegations in this paragraph characterize the contents of these written documents, which speak for themselves. Defendant denies any erroneous, misleading, or out-of-context characterizations thereof.

25. In response to the allegations in Paragraph 25, Defendant admits that at some point after its decision not to renew Plaintiff's contract had been made, communicated, and carried out, Plaintiff alleged that the decision was indicative of age discrimination. Defendant admits that its decision not to "mediate" with Plaintiff does not establish liability. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 25 and therefore denies the allegations.

26. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 26 and therefore denies the allegations.

27. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 27 and therefore denies the allegations.

28. In response to the allegations in Paragraph 28, Defendant denies that it made any false or defamatory comments to a representative of the New York Mets concerning Plaintiff. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 28 and therefore denies the allegations.

29. In response to the allegations in Paragraph 29, Defendant denies that it made any false or defamatory comments to a representative of the New York Mets concerning Plaintiff. The remaining allegations in Paragraph 29 are restatements of previous allegations, and Defendant incorporates and restates its responses to each of them above. Defendant further denies that Plaintiff's performance during the 2024 season was acceptable.

30. The allegations in Paragraph 30 characterize Plaintiff's allegations, case theories, and intent to seek discovery. No response is required to these allegations; however, to the extent a response is required, Defendant denies the allegations.

**Count I – Age Discrimination (29 U.S.C. § 621, *et seq.*)**

31. Defendant incorporates its responses to Paragraphs 1-30.

32. Defendant admits the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

**Count II – ERISA Section 510 Interference (29 U.S.C. § 1140)**

37. Defendant incorporates its responses to Paragraphs 1-36.

38. The allegations in Paragraph 38 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

39. The allegations in Paragraph 39 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

**Count III – ADEA Retaliation (29 U.S.C. § 623(d))**

42. Defendant incorporates its responses to Paragraphs 1-41.

43. The allegations in Paragraph 43 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

44. Defendant lacks sufficient information to admit or deny the extent of Plaintiff's knowledge as alleged in Paragraph 44 and therefore denies the allegations.

45. Defendant denies the allegations in Paragraph 45.

46. The allegations in Paragraph 46 characterize Plaintiff's intent to seek discovery, to which no response is required. To the extent a response is required, Defendant denies the allegations.

47. The allegations in Paragraph 47 characterize Plaintiff's intent to seek certain relief for his alleged claims to which no response is required. To the extent a response is required, Defendant denies the allegations.

**Count IV – Tortious Interference with Prospective Business Relations (Common Law)**

48. Defendant incorporates its responses to Paragraphs 1-47.

49. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 49 and therefore denies the allegations.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

**Count V – Defamation (Common Law)**

54. Defendant incorporates its responses to Paragraphs 1-53.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

**Prayer for Relief**

60. Defendant denies that Plaintiff is entitled to the relief he seeks.

61. All factual allegations not expressly admitted, denied, or otherwise addressed herein are denied.

62. Defendant denies that it violated Plaintiff's rights and further denies that Plaintiff is entitled to any relief whatsoever.

**OTHER DEFENSES**

Defense No. 1: The Complaint fails to state a claim upon which relief may be granted.

Defense No. 2: Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or the doctrine of laches.

Defense No. 3: Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or the after-acquired evidence doctrine.

Defense No. 4: Plaintiff has failed to mitigate his alleged damages.

Defense No. 5: Plaintiff has failed to demonstrate conduct sufficient to give rise to punitive damages.

Defense No. 6: Venue is not appropriate in this Court.

Defense No. 7: For the convenience of all parties, this matter should be transferred to another court in another jurisdiction.

Defense No. 8: Plaintiff's claims are barred, in whole or in part, because all employment decisions affecting Plaintiff were based on legitimate, non-discriminatory and/or non-retaliatory factors.

Defense No. 9: Plaintiff's claims are barred, in whole or in part, because Plaintiff did not engage in legally protected activity.

Defense No. 10: Plaintiff's claims are barred, in whole or in part, because even had the employment decisions challenged in the Complaint been tainted with discriminatory or retaliatory motive, such decisions would have been carried out regardless of such motivation.

Defense No. 11: Plaintiff's claims are barred, in whole or in part, because the Defendant was justified in taking the actions it took and making the statements it made concerning Plaintiff.

Defense No. 12: Plaintiff's claims are barred, in whole or in part, because all statements made by Defendant regarding Plaintiff were true or substantially true.

Defense No. 13: Plaintiff's claims are barred, in whole or in part, because all statements made by Defendant regarding Plaintiff were privileged or qualifiedly privileged.

Defense No. 14: Plaintiff's claims are barred, in whole or in part, because all statements made by Defendant regarding Plaintiff were opinions and therefore not actionable.

Defense No. 15: Plaintiff's claims are barred, in whole or in part, because all statements made by Defendant regarding Plaintiff were made with Plaintiff's consent.

Defense No. 16: Plaintiff's claims are barred, in whole or in part, because Plaintiff's own acts or omissions caused or contributed to Plaintiff's alleged injuries and damages.

Defense No. 17: Plaintiff's damages are barred, in whole or in part, because Plaintiff cannot demonstrate that any of Defendant's alleged statements were made with actual malice.

Defense No. 18: Plaintiff's damages are barred, in whole or in part, because they are speculative and not based on competent proof.

Defense No. 19: Defendant pleads the benefit of all applicable limitations of damages and exclusions of remedies, including, but not limited to, those related to claims for exemplary damages (*e.g.*, the Texas Damages Act).

WHEREFORE Defendant hereby requests that:

(a) the Complaint be dismissed with prejudice and all relief requested therein be denied;

(b) Defendant be awarded its reasonable attorneys' fees and costs incurred in this matter; and

(c) Defendant be afforded such other relief as the Court deems appropriate.

Respectfully Submitted,

______________________________

Sean D. Forbes
Federal ID No. 603610
Texas State Bar No. 24040916
1800 West Loop South, Suite 1750
Houston, Texas 77027
(713) 629-1800
(713) 629-1812 (Fax)
sforbes@nhblaw.com

*Of Counsel*:

Michael J. Lorenger
Lorenger & Carnell PLC
651 S. Washington St.
Alexandria, Virginia 22314
Phone: (703) 684-1800
Fax: (703) 684-1805
mlorenger@lorengercarnell.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October 2026, I filed the foregoing with the Court's electronic filing system, which will automatically provide notice to all counsel of record. In addition, I served a copy on Plaintiff by email:

Kevin Ham
1207 Dominion Drive
Katy, Texas 77450

______________________________
Sean Forbes